```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JUDITH HILLER,

                 Plaintiff,

     -against-                              MEMORANDUM & ORDER
                                            11-CV-4131(JS)
MICHAEL J. ASTRUE, Commissioner of
Social Security,

                 Defendant.
----------------------------------X
APPEARANCES
For Plaintiff:    Christopher James Bowes, Esq.
                  54 Cobblestone Drive
                  Shoreham, NY 11786

                  Jeffrey L. Goldberg, Esq.
                  2001 Marcus Avenue
                  Lake Success, NY 11042

For Defendant:    Robert W. Schumacher, II, Esq.
                  U.S. Attorney's Office / EDNY
                  Eastern District Of New York
                  610 Federal Plaza
                  Central Islip, NY 11722
```

SEYBERT, District Judge:

Plaintiff Judith Hiller appeals the Commissioner of Social Security's (the "Commissioner") decision denying her application for Social Security Disability ("SSD") benefits. Pending before the Court are Plaintiff's and the Commissioner's cross-motions for judgment on the pleadings. (Docket Entries 12, 16.) For the following reasons, Plaintiff's motion is GRANTED and the Commissioner's motion is DENIED.

BACKGROUND

As is relevant here, Plaintiff alleged that she was disabled beginning on October 3, 2001 due to severe back and leg pain, anxiety, and depression. (Administrative Record ("R.") 14.) After a hearing at which Plaintiff appeared with counsel, an Administrative Law Judge ("ALJ") denied Plaintiff's SSD application because he found that Plaintiff had the residual functional capacity to perform sedentary work. (R. 15-18.) In so finding, he relied primarily on Plaintiff's treating physician's opinion that Plaintiff could stand and walk for one hour each during an eight-hour workday:

> As for the opinion evidence, Dr. Edward Yang originally opined that the claimant could sit, stand and walk thirty minutes but most recently opined that the claimant could sit two hours at a time, but did not specify any limitations in sitting in an eight hour day, **stand[] and walk[] one hour each in an eight-hour day** and lift[] and carry[] ten to twenty pounds. This opinion is therefore consistent with finding the claimant capable of the full range of sedentary work.

(R. 17 (emphasis added) (citations omitted).)

DISCUSSION

The Commissioner's decision must be remanded for further consideration consistent with the following discussion.

I. Legal Standard

In reviewing the ruling of the ALJ, this Court will not determine de novo whether Plaintiff is in fact disabled.

2

Thus, even if the Court may have reached a different decision, it must not substitute its own judgment for that of the ALJ. See Jones v. Sullivan, 949 F.2d 57, 59 (2d Cir. 1991). Instead, this Court must determine whether the ALJ's findings are supported by "substantial evidence in the record as a whole or are based on an erroneous legal standard." Curry v. Apfel, 209 F.3d 117, 122 (2d Cir. 2000) (quoting Schaal v. Apfel, 134 F.3d 496, 501 (2d Cir. 1998)), superseded by statute on other grounds, 20 C.F.R. § 404.1560. If the Court finds that substantial evidence exists to support the Commissioner's decision, the decision will be upheld, even if evidence to the contrary exists. See Johnson v. Barnhart, 269 F. Supp. 2d 82, 84 (E.D.N.Y. 2003). "Substantial evidence is such evidence that a reasonable mind might accept as adequate to support a conclusion." Id. The substantial evidence test applies not only to the ALJ's findings of fact, but also to any inferences and conclusions of law drawn from such facts. See id.

To determine if substantial evidence exists to support the ALJ's findings, this Court must "examine the entire record, including conflicting evidence and evidence from which conflicting inferences may be drawn when deciding whether the findings are supported by substantial evidence." See Gonzalez v. Barnhart, No. 01-CV-7449, 2003 WL 21204448, at *2 (E.D.N.Y. May 21, 2003) (quoting Brown v. Apfel, 174 F.3d 59, 62 (2d Cir.

3

1999)). "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Where an ALJ's decision is not supported by substantial evidence, however, or where the Court is "'unable to fathom the ALJ's rationale in relation to the evidence in the record without further findings or clearer explanation for the decision,' remand is appropriate." Hernandez v. Astrue, 814 F. Supp. 2d 168, 184 (E.D.N.Y. 2011) (quoting Pratts v. Chater, 94 F.3d 34, 39 (2d Cir. 1996)).

## II. Remand is Appropriate

Plaintiff's case must be remanded because the Commissioner misinterpreted Plaintiff's treating physician's opinion as concluding that Plaintiff could stand and walk for a combined total of two hours.

Sedentary work can involve up to two hours of walking and standing. Curry, 209 F. 3d at 123; Social Security Ruling 83-10, 1983 WL 31251, at *5-6; see also 20 C.F.R. § 404.1567. As mentioned already, in finding that Plaintiff had the residual functional capacity to perform sedentary work, the ALJ relied heavily on Plaintiff's treating physician's 2010 opinion that she could walk and stand for one hour each. (R. 17.) But Dr. Yang's opinion was not clear. His findings were entered on a Social Security form that asked physicians to indicate the

4

"[t]otal in an 8 hour work day" that their patients could "Sit" and "Stand/Walk." (R. 394.) Dr. Yang checked the box that indicated Plaintiff could "Stand/Walk" for one hour. (Id.) The ALJ evidently interpreted this to mean that Plaintiff could walk and stand for an hour each, but a far more plausible reading is that Plaintiff could walk or stand for a total of one hour. See Vargas v. Sullivan, 898 F.2d 293, 295 (2d Cir. 1990) ("To walk, a person must stand; the two hours of walking must be included in the four hours of standing, not added to it."). Thus, contrary to the ALJ's finding, Dr. Yang's 2010 report is not "consistent with finding [Plaintiff] capable of the full range of sedentary work." (R. 17.)

Given the considerable weight that the ALJ afforded Dr. Yang's unclear opinion, and given that the remaining medical evidence conflicts as to Plaintiff's ability to perform sedentary work (compare R. 372 (opining that Plaintiff had "mild" limitations as to standing) with R. 226 (opining that Plaintiff could only stand for one half hour per eight-hour workday)), the Court hereby remands Plaintiff's case to the Commissioner. See Carlantone v. Astrue, No. 08-CV-7393, 2009 WL 2043888, at *6 (S.D.N.Y. July 14, 2009) (remanding where "conflicting evidence blurs the record's support for the ALJ's conclusion"); see also Veino v. Barnhart, 312 F.3d 578, 588 (2d Cir. 2002) ("Genuine conflicts in the medical evidence are for

5

the Commissioner to resolve."). On remand, the ALJ shall reconsider the sum of the evidence in view of the fact that Dr. Yang's conclusion was almost certainly not that Plaintiff could walk or stand for two hours. The ALJ shall develop the record further, as necessary, and he shall also consider the remaining objections that Plaintiff raised in her appeal, see Provisero v. Astrue, No. 09-CV-4695, 2012 WL 537570, at *7 (E.D.N.Y. Feb. 15, 2012) ("Plaintiff's remaining arguments . . . shall be directed to the ALJ on remand. The scope of the remand embraces those issues plus all other issues as the Commissioner sees fit.").

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings is GRANTED and the Commissioner's motion is DENIED. The Clerk of the Court is respectfully directed to mark this case CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated:  September  28 , 2012
        Central Islip, New York

6